UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 4 2019

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

Wanda Grigsby
_____
_____

(Name of plaintiff or plaintiffs)

v.                         CIVIL ACTION NO. 4:19-cv-778-KGB
                           (case number to be supplied by the assignment clerk)

Pulaski County Special School District
_____

This case assigned to District Judge Baker
and to Magistrate Judge Ray

_____

(Name of defendant or defendants)

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.  Plaintiff, __Wanda Grigsby__, is a
    (name of plaintiff)
    citizen of the United States and resides at __123 Mohawk Drive__,
                                                  (street address)
    __Maumelle__, __Pulaski__, __AR__, __72113__,
    (city)        (county)      (state) (ZIP)
    __501-960-5348__.
    (telephone)

3.  Defendant, __Pulaski County Special School District__ lives at, or its
                (name of defendant)
    business is located at __925 Dixon Road__, __Little Rock__,
                            (street address)       (city)
    __Pulaski__, __Arkansas__, __72206__.
    (county)     (state)       (ZIP)

4.  Plaintiff sought employment from the defendant or was employed by the

defendant at ___925 Dixon Road___, ___Little Rock___,
                    (street address)                              (city)
___Pulaski___, ___Arkansas___, ___72206___.
 (county)          (state)              (ZIP)

5. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the complaint on or about ___8___  ___30___  ___2018___.
                                                                                          (month)  (day)  (year)

6. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about ___12___  ___20___  ___2018___.
                                                                                                          (month)  (day)  (year)

7. The Equal Employment Opportunity Commission issued a Notice of Right to Sue which was received by plaintiff on ___8___  ___9___  ___2019___, a copy of which notice
                                                            (month)  (day)  (year)
is attached to this complaint.

8. Because of plaintiff's (1) _____ race, (2) _____ color, (3) __X__ sex, (4) _____ religion, (5) _____ national origin, defendant (6) __X__ retaliation

   (a) __X__ failed to employ plaintiff.

   (b) _____ terminated plaintiff's employment.

   (c) __X__ failed to promote plaintiff.

   (d) __X__ I filed a sexual harassment charge against my former supervisor that was resolved in June 2018. My new supervisor mocked me on the job injury in September on different days by saying he was moving my desk so he can watch me and my bad arm + since I could not physically type, he gave me instructions to type documents that did not require typing.

9. The circumstances under which the defendant discriminated against plaintiff were

as follows: I was hired in August 2012 and my position is Administrative Sergeant. I applied for a Facilitator position about May 2018. I learned on August 30, 2018, a less-qualified male was selected and one of the two positions was not filled. I filed a sexual harassment charge against my former supervisor that was resolved in June 2018.

10. The acts set forth in paragraph 9 of this complaint:

(a) __X__ are still being committed by defendant.

(b) _____ are no longer being committed by defendant.

(c) _____ may still be being committed by defendant.

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

(a) __X__ Defendant be directed to employ plaintiff, and

(b) __X__ Defendant be directed to re-employ plaintiff, and

(c) __X__ Defendant be directed to promote plaintiff, and

(d) __X__ Defendant be directed to provide backpay

and that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

_Wanda Dupsly_
SIGNATURE OF PLAINTIFF

000002

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>493-2019-00506 |
|---|---|---|

_____null_____ and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.)<br>Ms. Wanda L Grigsby | Home Phone<br>(501) 960-5348 | Year of Birth<br>1966 |
|---|---|---|

Street Address: 123 Mohawk,   City, State and ZIP Code: MAUMELLE, AR 72113

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>PULASKI COUNTY SPECIAL SCHOOL DISTRICT | No. Employees, Members<br>501+ | Phone No.<br>(501) 234-2000 |
|---|---|---|

Street Address: 925 Dixon Road,   City, State and ZIP Code: LITTLE ROCK, AR 72206

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address | City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-30-2018   Latest: 09-14-2018
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in August 2012 and my position is Administrative Sergeant. I applied for a Facilitator position about May 2018. I learned on August 30, 2018, a less-qualified male was selected and one of the two positions was not filled. I filed a sexual harassment charge against my former supervisor that was resolved in June 2018. My new supervisor mocked my on-the-job injury in September on different days by saying he was moving my desk so he can watch me and my bad arm and since I couldn't physically type, he gave me instructions to type documents that did not require typing.

I was not given a reason for not being selected.

I believe I was not promoted because of my sex (female) and in retaliation for filing a previous charge in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe I was harassed and am being regarded as disabled in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>Digitally signed by Wanda Grigsby on 12-20-2018 03:44 PM EST | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |



U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7018 1830 0000 1246 4188

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4701*
*Washington, DC 20530*

August 02, 2019

Ms. Wanda L. Grigsby
123 Mohawk
Maumelle, AR  72113

Re: EEOC Charge Against Pulaski County Special School Dist.
    No. 493201900506

Dear Ms. Grigsby:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   The investigative file pertaining to your case is located in the EEOC Little Rock Area Office, Little Rock, AR.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Little Rock Area Office, EEOC
    Pulaski County Special School Dist.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.