IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WANDA GRIGSBY                                                                       PLAINTIFF

VS.                         CASE NO. 4:19-CV-778 KGB

PULASKI COUNTY SPECIAL SCHOOL DISTRICT,
A Public Body Corporate                                       DEFENDANT

## PROPOSED AMENDED COMPLAINT

### Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C.S. § 12101 (American with Disabilities Act), in order to recover damages against the defendants for the unlawful discriminatory employment practices that the plaintiff Wanda Grigsby has been subjected to, all on account of her sex, disability, and in retaliation for having opposed discriminatory practices. The plaintiff also seeks relief pursuant to 42 U.S.C.S. § 1983, in that the unlawful employment practices were committed by the defendants while acting under color of law. This is also an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

### I.
### Jurisdiction

1.     Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C.S. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C. § 12102 (Americans with Disability Act).



2. The unlawful employment practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in Pulaski County, Arkansas.

II.
Parties

3. Wanda Grigsby, is an African-American female, who is employed by the Pulaski County Special School District, as an Administrative Sergeant, and is a resident of the United States of America.

4. The defendant Pulaski County Special School District, is a public body corporate, that is organized under the laws for the State of Arkansas pursuant to Ark. Code Ann. § 6-13-102, for the purpose of providing education primarily to children within the boundaries of the Pulaski County, Arkansas.

5. The defendant Pulaski County Special School District (PCSSD) is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

III.
Facts

6. Wanda Grigsby is currently employed by the Pulaski County Special School District.

7. Ms. Grigsby was employed by the PCSSD in August 2012 as a security officer, and was eventually was training officer, and then was demoted to an Administrative Sergeant's position.

8. In May 2017, the plaintiff filed a worker's compensation claim due to an on the job injury. The plaintiff was injured while attempting to carry a Physical Therapy dummy, which fell on her causing injury to her right arm/shoulder area.

9. The plaintiff was required to have surgery due to her injury.

10. In 2018, the plaintiff filed a grievance with her union due to the harassment and mistreatment that she was enduring as a result of having filed a worker's compensation claim.

11. In March 2019, the plaintiff filed a second worker's compensation claim against the defendant, after re-injuring her right arm/shoulder when she was physically assaulted by a parent of a student.

12. The plaintiff filed a sexual harassment charge against her former supervisor – Bennie Bowers that was resolved in June 2018.

13. Due to the complaint of sexual harassment that the plaintiff filed, the PCSSD Board of Education required the district to force Mr. Bowers to resign.

14. Dave Thomas, an African-American male, became the plaintiff's supervisor in August 2018. Mr. Thomas was a friend of Mr. Bowers.

15. The PCSSD allowed Dave Thomas to work in a temporary capacity during the summer of 2018. Despite the fact that Mr. Thomas was working in a temporary capacity, he was allowed to drive district vehicles, which he was not allowed to do.

16. Due to the complaint of sexual harassment that the plaintiff filed against Mr. Bowers, and the fact that Mr. Bowers was forced to resign, this caused resentment from Mr. Thomas towards the plaintiff.

17. Mr. Thomas begin to harass the plaintiff regarding her on the job injury, mocking the fact that she was injured.

18. Mr. Thomas forced Ms. Grigsby to perform unnecessary typing in getting the employee criminal background check.

19. Mr. Thomas would force the plaintiff to perform duties that he knew would cause further injury to her arm.

20. In May 2018, the plaintiff applied for one of two (2) advertised facilitator's positions within the Department of Safety and Security.

21. On August 30, 2018, the plaintiff learned that a lesser qualified male was awarded this position, which was awarded to Dave Thomas.

22. The Facilitator's role in Safety and Security acted as the manager of this department.

23. Dave Thomas had previously been by the PCSSD as a Captain with the district's security department.

24. During the Spring of 2018, Dave Thomas was informed that his position was being non-renewed.

25. After Mr. Thomas was non-renewed, the plaintiff began to work in a management capacity in the defendant's Safety and Security Department.

26. Despite the fact that Mr. Thomas' position had been non-renewed, he was kept in a temporary status, at his regular salary of approximately $70,000.00 per year, when per policy, he should have only been making $12.00 per hour.

27. The fact that Mr. Thomas was kept at his annual salary of $70,000.00, despite being in a temporary status, was designed to give him the advantage of being selected for the facilitator's position, was constitutes a preselection.

28. The plaintiff was not selected for the facilitator's position due to her sex, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

29. Furthermore, the plaintiff was denied the facilitator's position on account of her perceived disability, in violation of the Americans with Disability Act (ADA).

30. Also, the plaintiff was not selected for the facilitator's position in retaliation to previously complaining about discrimination, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

31. Furthermore, in an effort to punish the plaintiff for having filed a worker's compensation claim, and for having complained about prior acts of discrimination, the plaintiff was retaliated against by having work assigned to her, that were not needed, and only designed to punish the plaintiff for previously complaining about discrimination.

32. The plaintiff was subjected to other acts of retaliation and discrimination, such as being denied access to company vehicles, having to use her own vehicle.

33. Also, Dave Thomas removed the plaintiff out of her office, and placed her in his view, so that he could watch her perform her duties. This was done to retaliate against the plaintiff for having complained about discriminatory treatment. Mr. Thomas gave my office to a male security guard.

34. Furthermore, the plaintiff was subjected to disparate terms and conditions of her employment based on her sex, in that male security officers – Marvin Edwards and Officer Arnold were given interim pay in the amount of $5,000.00, while the plaintiff was not, in violation of Title VII of the Civil Act of 1964 (as amended).

35. The above-mentioned acts of discrimination and retaliation were committed by the defendants acting under color of law, making this cause of action enforceable pursuant to 42 U.S.C.S. § 1983.

## IV.
## Procedural Requirement

36. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35, supra., inclusive as though set forth herein word for word.

37. On December 20, 2018, the plaintiff filed a Charge of Discrimination (No. 493-2019-00506) with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against in terms and conditions of her employment with the defendant, when she was not selected for the facilitator's position that was given to Dave Thomas in August 2018, due to her sex and retaliation for having previously complaining about discrimination in violation of Title VII of the Civil Rights Act of 1964 (as amended), also due to her perceived disability, in violation of the American with Disabilities Act (ADA). (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "A"**).

38. In response to the plaintiff's Charge of Discrimination that she filed with the EEOC, said the United States Department of Justice – Civil Rights Division issued her a "Notice of Right to Sue" letter dated August 2, 2019, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter. (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B"**).

39. The plaintiff has met the statutory requirement of filing this complaint within ninety (90) days after receiving the "Right to Sue" letter.

V.
Damages

40. The plaintiff incorporates by reference the allegations contained in paragraphs 1-38 of the plaintiff's complaint, and adopts each as if set out herein word for word.

41. As a direct and proximate cause of the discriminatory practices that the defendant subjected the plaintiff to on account of her sex, race and the continued acts of retaliation, the plaintiff has suffered economic loss by way of lost wages in an amount to be proven at the trial of this matter.

42.     Furthermore, due to the discriminatory and retaliatory acts of the defendant, the plaintiff has experienced mental anguish, embarrassment, pain and suffering in an amount to be proven at the trial of this matter.

## JURY DEMAND

43.     The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above described unlawful employment practices:

a.  declare that the plaintiff has been subjected to unlawful discriminatory practices on account of her sex and perceived disability, as well as retaliation;

b.  reinstatement and back pay;

c.  compensatory damages;

d.  attorney's fees;

e.  the cost of prosecuting this action;

f.  and for all other equitable, legal, and just relief.

Respectfully submitted,

Austin Porter Jr., No. 86145
PORTER LAW FIRM
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

Austin Porter Jr.

## CERTIFICATE OF SERVICE

    I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas-Western Division, on this 26th day of August 2020, using the CM/ECF system, which is designed to send notification of such filing to the following:

Jay Bequette  
W. Cody Kees  
BEQUETTE, BILLINGS & KEES, P.A.  
425 W. Capitol Avenue, Suite 3200  
Little Rock, Arkansas 72201  

jbequette@bbpalaw.com  
ckees@bbalaw.com  

                                              Austin Porter Jr.

000002

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 493-2019-00506 |

null and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Wanda L Grigsby | (501) 960-5348 | 1966 |

Street Address: 123 Mohawk, MAUMELLE, AR 72113

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| PULASKI COUNTY SPECIAL SCHOOL DISTRICT | 501+ | (501) 234-2000 |

Street Address: 925 Dixon Road, LITTLE ROCK, AR 72206

DISCRIMINATION BASED ON (*Check appropriate box(es)*):
[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-30-2018   Latest: 09-14-2018
[ ] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I was hired in August 2012 and my position is Administrative Sergeant. I applied for a Facilitator position about May 2018. I learned on August 30, 2018, a less-qualified male was selected and one of the two positions was not filled. I filed a sexual harassment charge against my former supervisor that was resolved in June 2018. My new supervisor mocked my on-the-job injury in September on different days by saying he was moving my desk so he can watch me and my bad arm and since I couldn't physically type, he gave me instructions to type documents that did not require typing.

I was not given a reason for not being selected.

I believe I was not promoted because of my sex (female) and in retaliation for filing a previous charge in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe I was harassed and am being regarded as disabled in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Wanda Grigsby on 12-20-2018 03:44 PM EST

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

**PLAINTIFF'S EXHIBIT**

493-2019-00506

000002



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7018 1830 0000 1246 4188

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4701*
*Washington, DC 20530*

August 02, 2019

Ms. Wanda L. Grigsby
123 Mohawk
Maumelle, AR 72113

Re: EEOC Charge Against Pulaski County Special School Dist.
No. 493201900506

Dear Ms. Grigsby:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Little Rock Area Office, Little Rock, AR.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson* (signature)
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Little Rock Area Office, EEOC
    Pulaski County Special School Dist.



PLAINTIFF'S EXHIBIT B