IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WANDA GRIGSBY                                                                                    PLAINTIFF

VS.                                       CASE NO.  4:19-CV-778 LPR

PULASKI COUNTY SPECIAL SCHOOL DISTRICT,
A Public Body Corporate                                                                    DEFENDANT

PLAINTIFF'S RESPONSE TO THE DEFENDANT'S
STATEMENT OF UNDISPUTED FACTS

Comes the plaintiff, by and through his attorney **Austin Porter Jr., d/b/a PORTER LAW FIRM**, and for his response to the defendant's statement of undisputed facts, he states the following:

1. This is an employment discrimination action.  Plaintiff brings suit against PCSSD pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act, as enforced by 42 U.S.C. § 12101 ("§12101").

**Response**:  Admit.

2. Grigsby began working as a temporary employee for the District in 2012 and became a full-time employed security officer in 2014 in the District's Security Department.

**Response**:  Deny.  Ms. Grigsby started working for the PCSSD as a security officer in August 2012.  (**See Deposition of Wanda Grigsby attached herein as Plaintiff's Exhibit "A", pp. 15, 39**).

3. In July of 2015, Grigsby was promoted to security training officer.

**Response**:  Admit. However, the position is called "Safety and Security Training Officer." **See Defendant's Exhibit 2**.

1

4.     In April of 2017, Grigsby was informed that her position of training officer was subject to a non-renewal as part of a District-wide reduction in force ("RIF").

**Response**:   Deny.  Ms. Grigsby was demoted to the position of Administrative Sergeant at a salary of $50,000.00 from her previous position of Safety and Security Training Officer, with a salary of $70,000.00 per year due to budget cuts.  This was to become effective for the 2017-2018 school year.  (**Grigsby's depo., p. 41**).

5.     Under the RIF policy, Grigsby had recall rights to any position of equal or lesser status, and she accepted the position of administrative sergeant and went under a new contract as of July 1, 2017.

**Response**:   Deny.  Ms. Grigsby was demoted to the position of Administrative Sergeant due to budget cuts.  (**Grigsby's depo., p. 41**).

6.     In May of 2017, Grigsby filed a workers' compensation claim related to an on-the-job injury.  Her claim was accepted, and she received the appropriate compensation for the injury and remained employed with the District.

**Response**:   Admit.  Ms. Grigsby did receive compensation for her on-the-job injury.

7.     In April of 2018, Grigsby filed a charge of discrimination with the EEOC alleging her supervisor at the time, Bennie Bowers, sexually harassed her.  This charge was resolved through EEOC by mediation and Grigsby remained employed at the District and Mr. Bowers did not return as her supervisor and David Thomas became her new supervisor at this time.

**Response**:   Deny.  Ms. Grigsby did in fact filed a charge of discrimination with the EEOC on April 3, 2018.  Ms. Grigsby agreed to mediation and reached an agreement.  However, after the agreement was reached in June 2018, Mr. Bowers was still employed by the district.  (**Grigsby's depo., p. 38**).  It was sometime after the resolution of Ms. Grigsby's sexual harassment claim, that

Mr. Bowers resigned.  (**Grigsby's depo., p. 50**).   When Ms. Grigsby signed the settlement agreement on June 9, 2018, Mr. Bowers had already resigned by then.  (**Grigsby's depo., p. 57**).

8. Grigsby alleges the April 2018 Charge, which was satisfactorily resolved, led to retaliatory and discriminatory actions by the District, specifically through David Thomas.

**Response**:  Admit.  However, not just limited to David Thomas.

9. In May 2018, the District informed Grigsby it planned to non-renew three positions above Grigsby's position of Administrative Sergeant as part of a restructuring of the security department, to be effective June 31, 2018, the end of the District's contract year. Those three positions were two "coordinators" and a "director," to be replaced with two positions titled "Facilitators."

**Response**:  Admit.

10. Grigsby applied for the newly titled facilitator position on June 5, 2018.

**Response**:  Deny.  Ms. Grigsby actually applied for the facilitator's position in May 2018. (**Grigsby's depo., p. 59**).

11. Grigsby was attempting to get "one arm duty" clearance for her current position at the District, as she was still on modified duty from her on-the-job injury.

**Response**:  Deny.  Ms. Grigsby requested light duty and for reasonable accommodations due to her right arm and shoulder injury.  Melody Tipton stated that the PCSSD had accommodated employees in the past, and was wondering why there had been a change in practice.  (**District's Exhibit 9, Doc. #26-9**).   The PCSSD was refusing to allow Ms. Grigsby a reasonable accommodation as stated by Bennie Bowers in his email to Melody Tipton dated June 8, 2017. (**District's Exhibit 9, Doc. # 26-9**).

12. In August 2018, the District hired one facilitator, Dave Thomas, as part of the security department restructuring, as Thomas had held one of the department's senior positions which was non-renewed.

**Response**: Admit.

13. Dave Thomas held the Coordinator position.

**Response**: Admit.

14. Prior to applying for the Facilitator position, Grigsby and Thomas held different positions.

**Response**: Admit.

15. Thomas accepting the position of Facilitator resulted in roughly $20,000.00 reduction in salary.

**Response**: Admit.

16. In the Interview Process, Grigsby scored as the third highest ranked candidate among all interviewees.

**Response**: Deny. Although the score indicates third place scoring, the judging criteria were subjective in nature. The subjective criteria used to rate the candidates are as follows:

a) Ability to Implement Job Description;

b) Ability to work with People;

c) Personal Characteristics

| Rater | **David Thomas** | **Wanda Grigsby** | |
|---|---|---|---|
| Loria Bryant | 24 | 23 | |
| Robert Currillo | 22 | 22 | |
| Cynthia D'Abadie | 22 | 21 | |
| Curtis Johnson | 24 | 18 | |
| | | | |

**Defendant's Exhibit 17, Doc. # 26-17**.  See also **Defendant's Exhibit 13, Doc. # 26-13**.

Director Curtis Johnson awarded the lowest score to Ms. Grigsby between herself and Mr. Thomas.  Despite the fact that Mr. Johnson noted that Mr. Thomas "struggle[d] with Act 393," Johnson still awarded Mr. Thomas a perfect score of 24.  (**Defendant's Exhibit 17, Doc. # 26-17, p. 3**).  Ms. Bryant and Ms. D'Abadie were of the opinion that only one point separated Thomas and Grigsby, with Currillo believing that both candidates were equal. Mr. Johnson rated Ms. Grigsby six (6) points below that of Mr. Thomas, which raises a question of a possible bias against Ms. Grigsby.

17. Thomas scored 92 and Grigsby scored 84.

**Response**:  Deny.  See response to Statement No. 16.

18. Defendant has denied all claims brought against it by Plaintiff or that they violated any applicable law.

**Response**:  Admit that the defendant has made such a denial, but deny that the denial is based on the facts and law.

19. Defendant asserts that Plaintiff was not discriminated against for any reason in violation of applicable law, nor did Defendant violate any rights or duties owed to Plaintiff.

**Response**:  Deny.  Although the defendant makes these assertions, the evidence demonstrate otherwise as spelled out in the plaintiff's supporting brief.

        Respectfully submitted,

        Austin Porter Jr., No. 86145
        PORTER LAW FIRM
        323 Center Street, Suite 1035
        Little Rock, Arkansas 72201
        Telephone: 501-244-8200
        Facsimile: 501-372-5567
        Email: Aporte5640@aol.com

CERTIFICATE OF SERVICE

    I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas-Western Division, on this 30th day of April 2021, using the CM/ECF system, which is designed to send notification of such filing to the following:

Jay Bequette
W. Cody Kees
T. "Teddy" Stewart
BEQUETTE, BILLINGS & KEES, P.A.
425 W. Capitol Avenue, Suite 3200
Little Rock, Arkansas 72201

jbequette@bbpalaw.com
ckees@bbalaw.com
tstewart@bbpallaw.com

                                                        Austin Porter Jr.