**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**WANDA GRIGSBY**                                                                                **PLAINTIFF**

**v.**                               **No. 4:19-cv-00778-LPR**

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**                 **DEFENDANT**

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In Grigsby's Brief in Support in Opposition to the Defendant's Motion for Summary Judgment ("Response Brief") (ECF Doc. 33), her sex discrimination argument rests on three arguments: (1) Grigsby was more qualified than the person hired – Dave Thomas; (2) Grigsby held the facilitator position before applying for that same position permanently; and (3) that Grigsby's interview was biased. These three premises are false, but even taking all three as true, Grigsby still would not create an inference of discrimination. The arguments advanced by Grigsby do not relate to her sex or perceived disability. Even if Grigsby was more qualified than Thomas, the District has a right to choose its own employee and Grigsby's qualifications would not be enough to create an inference of discrimination. If Grigsby held the position of facilitator, the District could then choose not to hire her as the permanent facilitator when the District was reorganizing the department. Even if Grigsby's interview was "bias," as she alleged, she has not provided any evidence to suggest it was bias based on sex (or any other protected class). Grigsby has not provided facts that would allow this Court to reach an inference of discrimination.

Grigsby repeats in her Response Brief (ECF Doc. 33) that she was more qualified than Thomas because she served in the facilitator role prior to Thomas being awarded the position and that she had more experience than Thomas. *See* Response Brief at p. 15. Thomas had been

Grigsby's superior.  *See* David Thomas Coordinator Contract 2017 (ECF Doc. 26-11); *see also* Wanda Grigsby Administrative Sergeant Contract (ECF Doc. 26-3); *see also* Pulaski County Special School District Employee Contract Salaries (ECF Doc. 26-12).  Thomas held a senior position – the position replaced by the facilitator – for five years prior to applying for facilitator.  To give the Court an idea, Thomas's position of coordinator had 13 of 18 overlapping performance responsibilities with the position of facilitator.  *See* Coordinator Job Classification (ECF Doc. 26-15); *see also* Facilitator Job Description (ECF Doc. 26-10).  Grigsby's position of administrative sergeant had at most two overlapping responsibilities with the facilitator position.  *See* Administrative Sergeant Job Classification (ECF Doc. 26-16).

Grigsby states throughout her Response Brief that she "served in the facilitator's role prior to Dave Thomas being awarded the position."  *See* Response Brief at p. 15.  This is not accurate.  Grigsby remained under contract for her position as Administrative Sergeant for the 2017-2018 school year and the 2018-2019 school year.  *See* Administrative Sergeant Contract 2017 (ECF Doc. 26-3); *see also* Administrative Sergeant Contract 2018, attached hereto as <u>Exhibit 1</u>.  Although not explicitly stated, Grigsby argues that when David Thomas and Gerald Tatum left their positions as safety and security coordinators, she had to fill their roles.  *See* Response Brief at p. 15.  David Thomas was non-renewed as coordinator effective July 1, 2018; Thomas entered into a temporary security contract on July 3, 2018; and by August 29, 2018, Thomas signed a contract for Facilitator.  *See* Thomas Non-Renewal Letter, attached hereto as <u>Exhibit 2</u>; *see also* Thomas Temporary Security Contract, attached hereto as <u>Exhibit 3</u>; *see also* Facilitator Contract 2018, attached hereto as <u>Exhibit 4</u>.  Therefore, even if Grigsby "served" in an upper management role temporarily, she never held the position of Facilitator and she at most held a managerial position for two months – perhaps for as short a period of two days.

Assuming *arguendo* that Grigsby did serve in a management position for an entirety of two months, her experience would be compared to Thomas's five years in the upper management security position of coordinator. Thomas and Tatum scored better than Grigsby in the interview process. *See* District Interview Scoring Documents (ECF Doc. 26-13).[1] Grigsby alleges interview criteria was subjective. *See* Response Brief at p. 15. Grigsby fails to explain how subjectivity makes employment scoring inherently biased or invalid. Administrators and/or executives interview potential employees and decide, based on a combination of subjective and objective criteria, who they believe will perform the job best. All the candidates are measured by the same standards. *See* Exhibit 5 attached hereto.

In Grigsby's Response Brief she states, "Mr. Johnson rated Ms. Grigsby six (6) points below that of Mr. Thomas, which raises a question of possible bias against Ms. Grigsby." First, Grigsby fails to explain how rating one candidate lower than the other raises a question of bias. Grigsby confuses bias with preference. Second, Johnson worked directly with all the security staff as Executive Director of Operations, so he had direct knowledge of the candidates' abilities. *See* ECF Doc. 26-13. Third, if you remove Johnson's allegedly bias rating, Gerald Tatum and David Thomas still scored above Grigsby. *Id*. Fourth, a closer look at Johnson's ratings shows no bias toward gender. *See* Exhibit 5. Johnson rated one of the female candidates significantly higher than Grigsby. *Id*. Johnson also rated Grigsby and another female candidate significantly higher than two of the male candidates. *Id*.

---

[1] Exhibit 13 attached to District's Motion for Summary Judgment (ECF Doc. 26-13) inadvertently did not include the full interview scoring documents. Those documents are attached hereto as Exhibit 5. The documents were produced in discovery.

Grigsby does not make an argument to support causal connection between the adverse employment action and her protected conduct.  In the District's opening Motion, it argued that Grigsby could not and did not provide evidence to show a causal connection between the adverse employment action and her protected conduct.  Grigsby's protected conduct was the EEOC charge from April 2018 and the adverse employment action in this case was hiring Thomas instead of Grigsby to the position of facilitator in August 2018.  *See* April 2018 EEOC Charge (ECF Doc. 26-7).  Generally, adverse employment is defined as a tangible change in working conditions that produces a material employment disadvantage such as termination, cuts in pay or benefits, or changes that affect an employee's future career prospects, but not minor changes in duties or working conditions, even unpalatable or unwelcome ones.  *Lisdahl v. Mayo Found.*, 633 F.3d 712, 715 (8th Cir. 2011).

Failing to promote can be considered an adverse employment action, but the totality of circumstances indicate that the District simply did not hire Grigsby because she was not the most qualified candidate.  The particular context under which Grigsby was applying for the promotion, and the timing of the District's position-restructuring, undermines any argument that can be made for temporal proximity.  The temporal connection between the protected conduct and adverse employment action is weak.  In general, more than a temporal connection is required to present a genuine issue of material fact for retaliation.  *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999).  Grigsby exclusively relied on a temporal connection and asserted no facts to support a causal connection.  *See* Response Brief at p. 27.

The District had legitimate non-discriminatory reasons not to hire Grigsby to the position of facilitator.  Grigsby was less qualified than the other candidates who also applied for the position; Grigsby was not runner up but was the third ranked candidate among all the

4

interviewees. Both Thomas and Tatum were Grigsby's superiors before the interview process; Thomas held a senior position – the position replaced by the facilitator – for five years prior to applying for facilitator. *See* Exhibit 5; *see also* Thomas Employment Contracts 2013-2017, attached hereto as Exhibit 6. Grigsby scored lower than Thomas across the board in background and experience, communication skills, and ability to work with others. *See* Exhibit 5. The evidence in this case overwhelmingly demonstrates that Grigsby was squarely outmatched for the position to which she applied. Grigsby and her former superior, Thomas, were both applying for the position. *See* ECF Docs. 26-11, 26-3, and 26-12. Thomas, therefore, had an axiomatic experience advantage as a security coordinator. Grigsby failed to address this legitimate non-discriminatory reason provided by the District.

Grigsby has failed to produce any evidence tying the District's decision to a discriminatory or retaliatory motive, and therefore her claim must fail, and the District is entitled to summary judgment. Based upon the foregoing argument and authority, the District respectfully submits that its Motion for Summary Judgment should be granted, and that Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: tstewart@bbpalaw.com

By:     **T. "Teddy" Stewart**
    T. "Teddy" Stewart, Ark. Bar No. 2018189